**STATE, Plaintiff-Appellee, v. SHEPPARD, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23400.   Decided January 19, 1955.

Frank T. Cullitan, County Pros., Saul S. Danaceau, Thomas J. Parrino, Cleveland, for plaintiff-appellee.

Corrigan, McMahon & Corrigan, Fred W. Garmone, Arthur E. Petersilge, Cleveland, for defendant-appellant.

## OPINION

Per CURIAM:

The defendant appellant in the above entitled cause was found guilty of murder in the second degree upon the verdict of a jury, after trial on an indictment charging him with the crime of murder in the first degree.

The defendant is now prosecuting an appeal on questions of law, seeking to reverse the judgment and has filed this motion asking a stay of the judgment pending the hearing of the appeal on its merits and his release on bail during such period of time.   This court has granted that part of the motion seeking to stay execution of the judgment during the

appeal and will give consideration now to his request to be admitted to bail until the appeal is determined on its merits.

It is a well settled principle of law that after judgment of guilty in a criminal action a defendant is not entitled to bail pending appeal, as a matter of right. In the case of **In re Halsey, 124 Oh St 318,** the defendant had been found guilty of murder in the second degree and was seeking a review of the judgment in a proceeding in error. The trial court refused to suspend execution of the sentence or admit the defendant to bail. The Court of Appeals, upon motion, suspended execution of the sentence but refused bail. The Supreme Court held:

"1. Section 9 of the Ohio Bill of Rights guarantees the right to bail only before judgment of conviction in the trial court.

2. **Sec. 13453-1 GC,** denying accused persons the right to bail after judgment in the trial court where the punishment is imprisonment for life is not unconstitutional."

The authority of the Court of Appeals to suspend the execution of sentence and admit a defendant to bail after conviction in a felony case, and after notice of appeal has been given whereby this court acquires jurisdiction of the case, is to be found in two sections of the Revised Code, to-wit, §§2953.10 and 2949.02 R. C. These sections provide:

"**Sec. 2953.10 R. C.** Power to suspend sentence. The Court of Common Pleas, Court of Appeals, or Supreme Court, or any judge thereof, to which court an appeal is taken from an inferior tribunal, has the same power and authority to suspend the execution of sentence during the pendency of such appeal and admit the defendant to bail as is provided for in respect to said inferior tribunal."

"**Sec. 2949.02 R. C.** Execution suspended: recognizance: When a person has been convicted of any bailable offense including the violation of an ordinance of a municipal corporation, in the court of common pleas, or by any court or magistrate inferior to the court of common pleas, and such person gives notice in writing to the trial judge or magistrate, of his intention to file, or apply for leave to file a petition to review such conviction, such judge or magistrate may suspend execution of the sentence or judgment for such fixed time as will give the accused time to prepare and file, or to apply for leave to file such petition. In all bailable cases, **except those in which the punishment is imprisonment for life,** such judge may release the defendant upon a recognizance with sufficient surety to be approved by the judge or magistrate conditioned that the accused will appeal without delay and abide by the judgment and sentence of the court." (Emphasis ours.)

The crime of which this defendant has been found guilty is under the **Constitution of Ohio,** a bailable offense. **Art. I, Section 9,** provides:

"Section 9: Bailable Offense: Of Bail, Fine and Punishment: All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident, or the presumption great. Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

It is clear, therefore, that where a defendant has been found guilty of a crime for which the punishment provided is life imprisonment neither the trial court nor the appellate court can admit the defendant to bail pending appeal.

It is argued by the defendant that because of the indeterminate sentence law (§5145.01 R. C.) which prohibits a trial court from fixing the duration or limits of a sentence to the penitentiary of one convicted of a felony, except in cases where the defendant was found guilty of treason or murder in the first degree, that the court in this case could not impose a life sentence on the defendant and therefore §2949.02 **R. C.** is not applicable. This claim cannot be supported. **Sec. 2949.02 R. C.** is not concerned with the character of the sentence to be imposed by the court in a particular case, but provides for the cases in which a defendant may or may not, at the discretion of the court (either the trial court or the court to which an appeal is taken) be granted bail after conviction and during pendency of an appeal.

As indicated above, the statutory law of the State prohibits either the trial court, or the reviewing court to which an appeal is taken, from extending the privilege of bail pending appeal, to one found guilty of a crime for which the punishment provided by law is life imprisonment.

For this reason, the defendant's motion seeking release on bail until the hearing of his appeal on its merits, is overruled. Exceptions noted.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.